UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

KENDRA LAPOINT
3109 Lincoln Avenue
Two Rivers, Wisconsin 54241

       Plaintiff,

v.

ASSISTED LIVING BY HILLCREST, LLC
1889 Commerce Drive
De Pere, Wisconsin 54115

       Defendant

Case No.: 18-cv-1976

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Kendra LaPoint, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful

employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Kendra LaPoint, is an adult female resident of the State of Wisconsin with a post office address of 3109 Lincoln Avenue, Two Rivers, Wisconsin 54241.

5. Defendant, Assisted Living By Hillcrest, LLC, was, at all material times herein, a commercial entity with a principal address of 1889 Commerce Drive, De Pere, Wisconsin 54115.

6. Defendant owns, operates, and manages divisions, locations, and/or assisted living facilities throughout northern Wisconsin.

7. The divisions, locations, and/or assisted living facilities that Defendant owns, operates, and manages throughout northern Wisconsin are community based residential facilities subject to the procedures and standards in Wisconsin Chapter DHS 83.

8. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

9. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

10. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

11. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## **GENERAL ALLEGATIONS**

14. On or about July 20, 2018, Defendant hired Plaintiff as a Licensed Practical Nurse (LPN).

15. During Plaintiff's employment with Defendant, Plaintiff performed compensable work on behalf of Defendant, with Defendant's knowledge, and/or at the direction of Defendant in the position of LPN.

16. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff with an hourly rate of pay.

17. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

18. During Plaintiff's employment with Defendant, Plaintiff frequently worked in excess of forty (40) hours per workweek.

19. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a bi-weekly basis via check.

20. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

21. During Plaintiff's employment with Defendant, Defendant maintained an Employee Handbook that governed the terms and conditions of Plaintiff's employment with Defendant.

22. Defendant's Employee Handbook stated, in part, under the heading, "**Breaks (rev. 12/2015)**": "As part of a [sic] 8 hour shift, employees are allowed one paid fifteen minute break and one half hour unpaid break. Employees are allowed to leave the building during the half hour break, if sufficient staff coverage is available…"

23. Defendant's Employee Handbook stated, in part, under the heading, "**Overtime (rev. 1/2015)**": "All overtime compensation will be calculated according to the guidelines specified in the Fair Labor Standards Act applicable to employees of residential care facilities. Under the method of calculation, overtime is computed using the designated work period of 14 consecutive days. Employees will be paid time and one half their regular rate of pay for employment in excess of 40 hours in any 7 days period. Overtime will not be paid due to classes or in-services."

24. During Plaintiff's employment with Defendant, Defendant automatically deducted thirty (30) minutes from Plaintiff's timesheets each work day for an unpaid rest break and/or meal period.

25. On many work days during Plaintiff's employment with Defendant, Plaintiff did not take a work free rest break and/or meal period that lasted at least thirty (30) consecutive minutes.

26. On many work days during Plaintiff's employment with Defendant, Plaintiff did not take a rest break and/or meal period that lasted at least thirty (30) consecutive minutes during which she was free to leave Defendant's premises.

27. On many work days during Plaintiff's employment with Defendant, Plaintiff informed Defendant that she was unable to take a work free rest break and/or meal period that lasted at least thirty (30) consecutive minutes during the work day because sufficient and proper

4

staffing coverage was unavailable and/or because of her job duties and responsibilities as an LPN.

28. On many work days during Plaintiff's employment with Defendant, Plaintiff informed Defendant that she was unable to take a rest break and/or meal period that lasted at least thirty (30) consecutive minutes during which she was free to leave Defendant's premises during the work day because sufficient and proper staffing coverage was unavailable and/or because of her job duties and responsibilities as an LPN.

29. During Plaintiff's employment with Defendant and on many work days, particularly towards the end of Plaintiff's employment with Defendant, when Plaintiff informed Defendant that she was unable to take a work free rest break and/or meal period that lasted at least thirty (30) consecutive minutes and/or during which she was not free to leave Defendant's premises because sufficient and proper staffing coverage was unavailable and/or because of her job duties and responsibilities as an LPN, Defendant informed Plaintiff, among other things, that "everyone should be able to take a lunch break" during the work day, or words to that effect, and that Defendant was not going to pay Plaintiff for working through her thirty (30) minute rest breaks and/or meal periods each work day because Defendant should have "enough staff" to relieve Plaintiff in order for Plaintiff to take a thirty (30) minute rest break and/or meal period each work day.

30. On many work days during Plaintiff's employment with Defendant, particularly towards the end of Plaintiff's employment with Defendant, and when Plaintiff informed Defendant that she did not take a work free rest break and/or meal period that lasted at least thirty (30) consecutive minutes and/or when she was not free to leave Defendant's premises for at least thirty (30) consecutive minutes in order to take a rest break and/or meal period,

5

Defendant nonetheless deducted thirty (30) minutes of compensable work time from Plaintiff's timesheets.

31. During Plaintiff's employment with Defendant and in addition to wages earned at her regular (and overtime) rates of pay, Defendant compensated Plaintiff with other monetary payments, such as shift differentials, on call pay, and bonuses, on a bi-weekly basis.

32. The monetary shift differentials, on call pay, and bonuses that Defendant compensated Plaintiff with during her employment were based upon her hours worked and/or work performance.

33. The monetary shift differentials, on call pay, and bonuses that Defendant compensated Plaintiff with during her employment were non-discretionary in nature: they were announced and known to Plaintiff to encourage and/or reward her steady, rapid, productive, safe, consistent, regular, predictable, and/or efficient work performance.

34. During Plaintiff's employment with Defendant, Defendant failed to include the aforementioned non-discretionary forms of monetary compensation in Plaintiff's regular rate(s) of pay when determining overtime compensation due to her during workweeks when she worked more than forty (40) hours.

35. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her with the correct overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

36. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek, including at an overtime rate of pay for hours worked in excess of forty (40), in accordance with the FLSA and WWPCL.

37. Defendant knew or should have known that, in accordance with the FLSA and the WWPCL, it must include all forms of non-discretionary monetary compensation in Plaintiff's regular rate(s) of pay when determining overtime compensation due to her during workweeks when she worked more than forty (40) hours.

38. Defendant's unlawful practices as stated herein failed to compensate and deprived Plaintiff of the appropriate and lawful overtime wages and compensation due and owing to her, in violation of the FLSA and WWPCL.

39. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her for all hours worked in a workweek, including but not limited to, at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

40. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek, including those hours worked in excess of forty (40) hours in a workweek.

41. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

42. Defendant owes Plaintiff earned and unpaid wages, including at an overtime rate of pay for work performed during Plaintiff's employment with Defendant and for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS
## (NON-DISCRETIONARY COMPENSATION AND HOURS WORKED)

43. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

44. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

45. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

46. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

47. Defendant intentionally violated the FLSA by failing to account for and compensate Plaintiff with overtime premium pay at the correct overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek by failing to include all non-discretionary forms of compensation in Plaintiff's regular rates of pay for overtime calculation purposes.

48. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed at an overtime rate of pay was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay minimum and

overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

49. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

50. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

51. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### SECOND CAUSES OF ACTION – WWPCL VIOLATIONS
### (NON-DISCRETIONARY COMPENSATION AND ON-DUTY MEAL PERIODS)

52. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

53. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

54. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

55. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

56. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay and at the correct overtime rate of pay.

57. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked and work performed.

58. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay, including but not limited to at the correct overtime rate of pay because Defendant failed to include all non-discretionary forms of compensation in Plaintiff's regular rates of pay for overtime calculation purposes.

59. At all times material herein, Wis. Admin. Code § DWD 274.02(3) was applicable to Plaintiff's employment with Defendant, which states: "The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal period where the employer does not provide at least 30 minutes free from work. Any meal period where the employee is not free to leave the premises of the employer will also be considered an on-duty meal period."

60. On workdays during Plaintiff's employment with Defendant, Plaintiff did not take a rest break and/or meal period during the workday that lasted at least thirty (30) consecutive minutes free from work and/or she was not free to leave Defendant's premises. Despite this, Defendant failed to count or consider Plaintiff's rest breaks and/or meal periods during the workday as on-duty meal periods, which are compensable work time under Wis. Admin. Code § DWD 274.02(3), and instead deducted thirty (30) minutes of compensable work time from Plaintiff's timesheets each work day.

10

Case 1:18-cv-01976-WCG   Filed 12/14/18   Page 10 of 12   Document 1

61. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

62. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

63. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages and on-duty meal periods, pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendant; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 14th day of December, 2018

                                              WALCHESKE & LUZI, LLC
                                              Counsel for Plaintiff

                                              **s/ *Scott S. Luzi***
                                              James A. Walcheske, State Bar No. 1065635
                                              Scott S. Luzi, State Bar No. 1067405
                                              Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com