# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

KENDRA LAPOINT,

    Plaintiff,

v.                                                Case No. 18-cv-1976

ASSISTED LIVING BY HILLCREST, LLC,

    Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, Assisted Living by Hillcrest, LLC, and as and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

## JURISDICTION

1. Answering paragraph 1 of the complaint, Defendant admits that the Court has federal question jurisdiction over claims brought under federal laws. Defendant denies that it violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

2. Answering paragraph 2 of the complaint, Defendant admits that the Court has supplemental jurisdiction over Plaintiff's state law claim. Defendant denies that it violated state law.

3. Answering paragraph 3 of the complaint, Defendant admits that venue is proper in this District. Defendant denies that it engaged in unlawful employment practices.

## PARTIES AND COVERAGE

4. Answering paragraph 4 of the complaint, Defendant admits the allegations.

1

5. Answering paragraph 5 of the complaint, Defendant admits that it is a domestic limited liability company with its principal office located at 1889 Commerce Drive, De Pere WI 54115. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

6. Answering paragraph 6 of the complaint, Defendant admits that it manages and operates assisted living facilities located in Green Bay, WI and Brillion, WI. Defendant denies the remaining allegations.

7. Answering paragraph 7 of the complaint, Defendant admits that the facilities that it manages and operates in Green Bay, WI and Brillion, WI are community-based residential facilities subject to Chapter DHS 83 of the Wisconsin Administrative Code. Defendant denies the remaining allegations.

8. Answering paragraph 8 of the complaint, Defendant admits the allegations.

9. Answering paragraph 9 of the complaint, Defendant admits the allegations.

10. Answering paragraph 10 of the complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

11. Answering paragraph 11 of the complaint, Defendant admits that it was an "employer" as that term is defined under the FLSA. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

12. Answering paragraph 12 of the complaint, Defendant admits that Plaintiff was "employed" by and/or an "employee" of Defendant as those terms are defined under the FLSA.

Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

13. Answering paragraph 13 of the complaint, Defendant denies the allegations.

## **GENERAL ALLEGATIONS**

14. Answering paragraph 14 of the complaint, Defendant admits the allegations.

15. Answering paragraph 15 of the complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

16. Answering paragraph 16 of the complaint, Defendant admits the allegations.

17. Answering paragraph 17 of the complaint, Defendant admits the allegations.

18. Answering paragraph 18 of the complaint, Defendant admits that Plaintiff worked in excess of forty (40) hours during some workweeks. Defendant denies any and all remaining allegations.

19. Answering paragraph 19 of the complaint, Defendant admits the allegations.

20. Answering paragraph 20 of the complaint, Defendant admits the allegations.

21. Answering paragraph 21 of the complaint, Defendant admits the allegations.

22. Answering paragraph 22 of the complaint, Defendant admits that the Employee Handbook contains the quoted language.

23. Answering paragraph 23 of the complaint, Defendant admits that the Employee Handbook contains the quoted language.

24. Answering paragraph 24 of the complaint, Defendant admits that some of the Plaintiff's 30-minute unpaid rest-periods were automatically deducted. Defendant denies any and all remaining allegations.

25. Answering paragraph 25 of the complaint, Defendant denies the allegations.

26. Answering paragraph 26 of the complaint, Defendant denies the allegations.

27. Answering paragraph 27 of the complaint, Defendant denies the allegations.

28. Answering paragraph 28 of the complaint, Defendant denies the allegations.

29. Answering paragraph 29 of the complaint, Defendant denies the allegations.

30. Answering paragraph 30 of the complaint, Defendant denies the allegations.

31. Answering paragraph 31 of the complaint, Defendant admits the allegations.

32. Answering paragraph 32 of the complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

33. Answering paragraph 33 of the complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

34. Answering paragraph 34 of the complaint, Defendant denies the allegations.

35. Answering paragraph 35 of the complaint, Defendant denies the allegations.

36. Answering paragraph 36 of the complaint, Defendant admits that it is subject to the FLSA and corresponding state law. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

37. Answering paragraph 37 of the complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

38. Answering paragraph 38 of the complaint, Defendant denies the allegations.

39. Answering paragraph 39 of the complaint, Defendant denies the allegations.

40. Answering paragraph 40 of the complaint, Defendant denies the allegations.

41. Answering paragraph 41 of the complaint, Defendant admits that it is subject to the FLSA and corresponding state law.  Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

42. Answering paragraph 42 of the complaint, Defendant denies the allegations.

### FIRST CAUSE OF ACTION – FLSA VIOLATIONS
### (NON-DISCRETIONARY COMPENSATION AND HOURS WORKED)

43. Answering paragraph 43 of the complaint, there are no allegations to which a response is required.  To the extent that a response is required, Defendant denies the allegations.

44. Answering paragraph 44 of the complaint, Defendant admits the allegations.

45. Answering paragraph 45 of the complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

46. Answering paragraph 46 of the complaint, Defendant denies the allegations.

47. Answering paragraph 47 of the complaint, Defendant denies the allegations.

48. Answering paragraph 48 of the complaint, Defendant denies the allegations.

49. Answering paragraph 49 of the complaint, Defendant denies the allegations.

50. Answering paragraph 50 of the complaint, Defendant denies the allegations.

51. Answering paragraph 51 of the complaint, Defendant admits that 29 U.S.C. § 216(b) provides, in part, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  Defendant denies any and all remaining allegations.

### SECOND CAUSE OF ACTION – WWPCL VIOLATIONS
### (NON-DISCRETIONARY COMPENSATION AND ON-DUTY MEAL PERIODS)

52. Answering paragraph 52 of the complaint, there are no allegations to which a response is required. To the extent that a response is required, Defendant denies the allegations.

53. Answering paragraph 53 of the complaint, Defendant admits that Plaintiff was an employee of Defendant. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

54. Answering paragraph 54 of the complaint, Defendant admits that it was an employer of Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

55. Answering paragraph 55 of the complaint, Defendant admits that it employed Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

56. Answering paragraph 56 of the complaint, Defendant denies the allegations.

57. Answering paragraph 57 of the complaint, Defendant denies the allegations.

58. Answering paragraph 58 of the complaint, Defendant denies the allegations.

59. Answering paragraph 59 of the complaint, Defendant admits that Wis. Admin. Code DWD § 274.02(3) contains the quoted language and that Plaintiff was employed by Defendant. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

60. Answering paragraph 60 of the complaint, Defendant denies the allegations.

61. Answering paragraph 61 of the complaint, Defendant denies the allegations.

62. Answering paragraph 62 of the complaint, Defendant denies the allegations.

63. Answering paragraph 63 of the complaint, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

64. Plaintiff has failed to state a claim upon which relief can be granted.

65. Plaintiff's claim(s) may be barred by the applicable statute of limitations.

66. Plaintiff's damages, if any, were caused by Plaintiff's own conduct.

67. Plaintiff has failed to mitigate damages, if any.

68. Defendant acted in good faith and had reasonable grounds for believing that its actions were in compliance with the FLSA and state law.

69. Defendant reserves the right to plead additional Affirmative Defenses as investigation and discovery continues.

WHEREFORE, Defendant, Assisted Living by Hillcrest, LLC, respectfully requests judgment as follows:

    a. Dismissing Plaintiff's complaint on its merits;

    b. For costs and disbursements as provided by law; and

    c. For any and other further relief that the Court may deem just, proper, or equitable.

Dated this 31st day of January, 2019.

STRANG, PATTESON, RENNING, LEWIS & LACY, S.C, Attorneys for Defendant, Assisted Living by Hillcrest, LLC

s/Jenna E. Rousseau
Jenna E. Rousseau
State Bar No. 1065236
205 Doty St., Suite 201
Green Bay, WI 54301
844-833-0828 (direct dial)
608-333-0828 (direct fax)
jrousseau@strangpatteson.com